JOSEPH WORSTER *against* THE FORTY-SECOND STREET AND GRAND STREET FERRY RAILROAD COMPANY.

(Decided December 4th, 1876.)

Where, on an appeal to this court, the judgment was reversed, and the plaintiff, under § 104 of the Code, had a year after the reversal to commence a new action, and the defendant took an appeal to the Court of Appeals, and gave an undertaking to stay proceedings on the judgment of this court: *Held*, that the commencement of a new action was stayed by "*statutory prohibition*" within § 105 of the Code, providing that the time of the continuance of the prohibition shall not be part of the time limited for the commencement of the action.

EXCEPTIONS by plaintiff, ordered to be heard in the first instance at general term, to the direction of Judge VAN BRUNT at trial term, directing the jury to find a verdict for the defendant.

*Charles H. Winfield*, for plaintiff.

*Moses Ely*, for defendant.

BY THE COURT.*—The plaintiff brought an action for damages for the loss of his horse, alleged to have been occasioned

---

* Present CHARLES P. DALY, Ch. J., JOSEPH F. DALY, and VAN HOESEN, JJ.

by the negligence of the defendants in leaving the iron rails and the pavement between the rails of their road, in the city of New York, in bad condition. The legs and feet of the horse were caught in a hole between the inside of the rail and the dilapidated pavement. The horse died in consequence of the injury to his back and loins, and damages were claimed in the sum of five hundred dollars. The plaintiff's allegation was that at the time of the accident he was in his carriage driving the horse across the rails.

The accident occurred on the 12th day of April, 1864. The action was brought in the Marine Court in November, 1867. It was tried on the 14th day of April, 1868, before Mr. Justice Curtis, without a jury, and the complaint was dismissed when the plaintiff rested, and judgment was thereupon entered in favor of the defendants. The plaintiff appealed to the general term of the Marine Court, and the judgment was affirmed on the 16th day of November, 1869. The plaintiff then appealed to the general term of this court, where the judgment was reversed, and judgment of reversal entered on the 16th day of January, 1871. The defendants took and perfected an appeal to the Court of Appeals, which resulted in an affirmance of the judgment of this court, on the 12th day of November, 1872, and judgment was entered upon the remittitur on the 18th day of November, 1872.

The plaintiff thereafter, and on the 14th day of December, 1872, commenced an action in this court on the same cause of action embraced in the former suit in the Marine Court. The first defense set up was that the cause of action did not accrue within six years before the bringing of this action; the second defense was, that the action was not begun within one year after the judgment of the Marine Court in the former action was reversed. The complaint was dismissed upon those grounds, and the plaintiff appeals from the judgment entered thereon.

The Code (§ 104) provides that if an action be commenced within the time prescribed therefor, and a judgment therein be reversed on appeal * * * * the plaintiff may commence a new action within one year after the reversal.

The plaintiff's case came within the terms of this provision

at the time of the reversal by this court, on the 16th of January, 1871, of the judgment against him in the Marine Court. He had then one year within which to commence a new action, and no more, unless the appeal taken by the defendants to the Court of Appeals, and the stay of proceedings thereon, brought his case within the provisions of sec. 105 of the Code, which provides, "when the commencement of an action shall be stayed by * * * * statutory prohibition, the time of the continuance of the * * * * prohibition shall not be part of the time limited for the commencement of the action." The appeal to the Court of Appeals was perfected on the 30th of January, 1871, and the plaintiff's proceedings on the judgment of reversal were stayed from that time to the entry of final judgment on the remittitur from the Court of Appeals, on the 18th day of November, 1872. This action was commenced on December 4th, 1872, and within the year, if the time of such stay did not run against the plaintiff. The case does not show what undertaking was given by the defendants in their appeal to the Court of Appeals, whether that prescribed by section 335 of the Code or not. That, however, was the only one appropriate to this case, to stay proceedings on a judgment against the defendants for costs. The points read by the respondents (defendants) on their argument before us refer to section 335 of the Code as to the effect of the stay. We have a right to assume, therefore, that the undertaking given was under section 335. The 339th section of the Code provides that whenever an appeal is perfected, as provided by sections 335, 336, 337 and 338, it stays all further proceedings in the court on the judgment appealed from, or upon the matter embraced therein. The matter embraced in this judgment was the right of the plaintiff to recover against the defendant upon the evidence he had produced to the Marine Court on the trial before Justice Curtis, on April 14th, 1868. The judgment of reversal permitted him to commence a new action for the same cause, which he could not do without the reversal, if the complaint was dismissed upon the merits; which we assume to be the case from the tenor of the arguments of counsel for both parties before us, who do not claim that the right to a new action existed while the judgment of the Marine Court remained

in force. The judgment of reversal in this court was an adjudication that the plaintiff had a cause of action upon the evidence in the case adduced before Justice Curtis. Proceedings upon that judgment and all the matters embraced therein were stayed pending the appeal to the Court of Appeals. The only proceeding that could have been taken by the plaintiff upon such matters was to commence a new action for the enforcement of the remedy which the court in that judgment had declared him entitled to. Such a proceeding we regard as stayed by the appeal; the object of the appeal being to review the judgment of this court establishing the plaintiff's right to recover.

We are of the opinion that if a new action had been commenced whilst the appeal to the Court of Appeals was pending, the defendant could have pleaded the pendency of the action begun in the Marine Court. The stay of proceedings, therefore, under section 339 of the Code, we regard as a statutory prohibition within the terms of section 105; operating to extend plaintiff's time to commence a new action; and we think the present suit was brought before the expiration of the time limited by section 104.

Judgment reversed; new trial ordered; costs to abide event.